JOHN A. MUNSON, RESPONDENT, *v.* GEORGE B. TAYLOR, APPELLANT.

*Appeal from a judgment entered upon the report of a referee — an objection founded upon a fact not found by the referee, nor disclosed by the record, will not be considered.*

This action was brought upon a promissory note made by the defendant to Nelson Kent, from whom the plaintiff purchased it before maturity, there being allowed in part payment of the purchase-price a precedent debt due from the payee, the balance being paid in cash. A copy of the note was set forth in full in the report of the referee, who found that the consideration of the note was the purchase-price agreed upon by the parties thereto for the sale and transfer of a patent-right from the payee to the maker, and that at the time the plaintiff purchased the note he knew that the same was originally given for a patent-right.

Upon this appeal from a judgment in favor of the plaintiff, entered upon the report of a referee, neither the evidence given on the trial, nor any part thereof, was contained in the appeal book; the appellant contended that the note was void for the reason that there was not written or printed on the face of the note the words " given for a patent-right " as required by chapter 65 of 1877.

*Held,* that as it was not disclosed by the record that the words mentioned in the statute were not written or printed on the face of the note, and as the referee had not found, nor been requested to find by the defendant, that the words

required by the statute did not appear on its face, and as that fact was not set up as a defense in the answer, the appellate court would not consider the question, as no issue was presented relative thereto, and it could not say that the referee's attention was directed to the point now made.

APPEAL from a judgment, in favor of the plaintiff, entered upon the report of a referee in an action brought upon a promissory note.

*E. J. Taylor*, for the appellant.

*George O. Baker*, for the respondent.

BARKER, J. :

The evidence given on the trial of the issues is not, nor any part thereof, contained in the appeal book. The only inquiry on this appeal is, are the legal conclusions of the referee supported by the facts found? The facts reported are within the issues framed by the pleadings, and are, in substance, that the defendant made and delivered to one Nelson Kent his negotiable promissory note, dated July 1, 1885, for the sum of $225, payable nine months.after date, at the Exchange Bank of Lockport, a copy of the note being set forth in the report in full; that before the maturity of the note the plaintiff purchased the-same of the payee, and there was allowed in part payment of the purchase-price, the amount of a precedent debt which the payee owed the plaintiff, and the balance was paid in cash to the payee at the time of the purchase; that the consideration of the note was the purchase-price agreed upon by the parties to the note, for the sale and transfer of a patent-right from the payee to the maker; that the transaction for the sale and transfer of. the patent-right and taking the said note in payment thereof, was, in all respects, fairly and honestly conducted, without fraud, deceit or misrepresentation on the part of either party, and that the sale and conveyance of said right and interest in the letters patent constituted a good and valuable consideration for the said promissory note; that at the time the plaintiff purchased the said note, he knew that the same was originally given for a patent-right. As a conclusion of law, the referee held, that the plaintiff was entitled to judgment upon the note, for the face thereof and interest thereon.

The appellant contends that the note is void, for the reason that there is not written or printed on the face of the note the words, "given for a patent-right," as provided by chapter 65, Laws of 1877. By the second section of the act there is a further provision,

that if any person " shall take, sell or transfer, any promissory note, not having such indorsement, knowing the consideration of such note to be for the sale of an interest in a patent-right, he shall be deemed guilty of a misdemeanor."

We do not need, in disposing of this appeal, to give any interpretation to the said act, as to its general purpose, or as to the meaning and effect of any particular clause thereof, nor determine the persons or parties who · may come within its provisions and be affected thereby, for the reason that the point made by the appellant, and on which he stands as the sole ground for reversal of the judgment, is not presented by the record. It is not disclosed by the record that the words mentioned in the statute were not written or printed on the face of the note. The body of the note is set forth in the report. The referee has not found that the words required by the statute do not appear on the face of the note, nor was he requested by the defendant to find that such was not the fact. Nor does the answer set up as a defense, that the words were not written or printed on the face of the note. We should not be justified in considering the question, as no issue was presented relative thereto, and we cannot, say, by the record, that the referee's attention was directed to the point now made. Other defenses were pleaded, which were passed upon by the referee. The indorsement required by the statute is no part of the note, the words may be written upon the face of the note after its execution, and in practice would ordinarily be done after the form and terms of the note were prepared. The question presented is new, so far as I can ascertain from an examination of the case.

In *Spring* v. *Quance* (3 How. Pr. [N. S.], 65), a Special Term case, it was held, that in an action by the payee of a note against the maker, the consideration of the note being a sale of a patent-right, that the omission to write or print the words of the statute on the face of the note, rendered the same void as between the maker and the payee. This court had up for consideration the validity of the act in *Herdic* v. *Roessler* (39 Hun, 198), but not the question now presented by the appellant.

The judgment should be affirmed.

SMITH, P. J., HAIGHT and BRADLEY, JJ., concurred.

Judgment affirmed.